Thomas SHOOK, and all other similarly situated employees, Appellants,

v.

ALYESKA PIPELINE SERVICE COMPANY, an Alaska corporation, Appellee.

No. S–9530.

Supreme Court of Alaska.

July 26, 2002.

Walter H. Garretson, Bryan M. Emmal, Anchorage, for Appellants.

Charles P. Flynn, Burr, Pease & Kurtz, Anchorage, Mark H. Epstein, Munger, Tolles & Olson, Los Angeles, California, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I.  INTRODUCTION

Thomas Shook appeals the superior court's decertification of his class action suit brought against Alyeska Pipeline Service Company under the Alaska Wage and Hour Act. Because the superior court did not specify any reasons under Civil Rule 23 for decertifying the class, we remand this case to the superior court for reconsideration of the decertification. If the superior court chooses on remand to decertify or narrow the class, it

must explain its reasoning for so doing under the standards set out in Rule 23.

## II. FACTS AND PROCEEDINGS

Thomas Shook worked for Alyeska Pipeline Service Company as a senior business systems analyst from August 1982 until March 1995. He was classified as exempt under the Alaska Wage and Hour Act [1] ("AWHA") and the Fair Labor Standards Act ("FLSA"). His salary was therefore unrelated to "the quality or quantity of the work performed," and he was not eligible to receive overtime pay.[2]

During most of the time that Shook was employed with Alyeska, Alyeska had a disciplinary policy that included the possibility of suspension without pay. This policy at least arguably applied to all employees, whether classified as exempt or non-exempt.[3] The policy was revised in January 1995 to apply only to non-exempt employees, but prior to this revision, exempt employees were suspended without pay on fourteen separate occasions.

On May 5, 1995, Alyeska terminated Shook's employment and the parties entered into an Involuntary Severance Plan, under which Shook signed a release in return for a severance payment of $141,496.73. On May 11, 1995, Shook filed a class-action complaint against Alyeska alleging violations of the Alaska Wage and Hour Act, specifically arguing that exempt employees were owed overtime pay because they were not actually being paid "on a salary basis," and thus were not exempt from the AWHA's requirement of overtime pay. In January 1996 Shook moved to certify a class action pursuant to Civil Rule 23(b)(3). In July 1996 the superior court certified a class of "all persons employed by Alyeska Pipeline Service Company between 11 May 1992 and 11 May 1995 who were classified as exempt from overtime compensation."

Alyeska immediately moved for summary judgment against Shook individually, arguing that Shook's claim had been released and was extinguished by a prior severance payment. The superior court denied the motion, and Alyeska petitioned this court to review the denial of summary judgment. We granted the petition. Meanwhile, Shook requested that the superior court approve a class notice procedure and form.

In 1997 the United States Supreme Court issued its opinion in *Auer v. Robbins*,[4] narrowing the definition of what "on a salary basis" means under the Federal Fair Labor Standards Act.[5] The superior court requested supplemental briefing from the parties in light of that decision. After receiving supplemental briefs from the parties, the superior court heard oral argument on the significance of *Auer*. Shortly thereafter, the superior court vacated the class certification "on the question of whether Alyeska employees subject to suspension without pay were properly classified as exempt...." Shook moved for reconsideration of the superior court order decertifying the class and in November 1997 the superior court denied the motion.

In April of 1999 we reversed the superior court's denial of Alyeska's motion for summary judgment against Shook individually, and remanded the case for entry of judgment against Shook.[6] In our opinion, we noted that "[t]his result does not require dismissal of the class action. The class should have [an] opportunity to substitute a new class representative."[7] Shook moved for entry of final judgment so that he could appeal the order vacating class certification. On January 4, 2000, the superior court entered final judgment dismissing Shook's complaint. This appeal followed.

1. AS 23.10.050 et seq. (1962).

2. 29 C.F.R. § 541.118(a); AS 23.10.055.

3. The written policy was listed as affecting "All Employees."

4. 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997).

5. 29 U.S.C. § 201 et seq. (1938).

6. *Alyeska Pipeline Serv. Co. v. Shook,* 978 P.2d 86 (Alaska 1999).

7. *Id.* at 91.

Alyeska subsequently filed a motion in this court to dismiss this appeal for lack of standing. Shook opposed the motion to dismiss and on June 29, 2000, Rocky Garcia submitted a motion to this court seeking to be allowed to intervene in the case. Alyeska opposed Garcia's motion to intervene. In August 2000 a single justice of this court issued an order dismissing Shook's appeal and denying Garcia's motion to intervene as untimely. Shook sought reconsideration of the dismissal and the full court reinstated the appeal. Alyeska filed a motion for reconsideration of the reinstatement order. We denied Alyeska's motion for reconsideration and the appeal proceeded.

## III. STANDARD OF REVIEW

■ We review a superior court's decision whether to certify a class under an abuse of discretion standard.[8] If, however, the superior court's ruling is based on an erroneous legal premise, we review the issue de novo.[9] We resolve "issues of standing and mootness using our independent judgment because, as matters of judicial policy, these are questions of law."[10]

## IV. DISCUSSION

### A. Shook Does Have Standing To Appeal the Decertification of the Class.

■ Shook asserts that the fact that this court "has twice voted to sustain the appeal" means that the issue of whether he has standing to bring the appeal "seems to have been decided." Alyeska contends that Shook lacks standing to bring this appeal, as his individual claims have been dismissed and he

is therefore no longer eligible for membership in the class. Shook is correct. In our order of October 6, 2000, we ruled that Shook had standing to appeal the decertification of the class. As Shook is no longer eligible to be a member of the class, however, the first priority on remand should be substitution of a new class representative.

### B. The Superior Court Erred in Decertifying the Class without Specifying Its Reasons.

■ Shook argues that the superior court erred in vacating the class certification. He contends that the court improperly reached the merits and considered liability issues when evaluating whether to decertify the class, and that even if the court were allowed to reach the merits, it was incorrect in decertifying the class.

Shook cites *Eisen v. Carlisle & Jacquelin*[11] for the proposition that a court should not consider the merits of a case in determining whether to certify a class.[12] Shook is correct. In *Eisen*, the United States Supreme Court wrote:

> We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule .... "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."[13]

---

8. *State, Dep't of Rev. v. Andrade*, 23 P.3d 58, 65 (Alaska 2001).

9. *Jenkins v. Daniels*, 751 P.2d 19, 21 (Alaska 1988).

10. *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001).

11. 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

12. Although *Eisen* refers to Federal Civil Rule 23, and not Alaska Civil Rule 23, we have previously cited United States Supreme Court cases on Civil Rule 23 given "the identity between our Civil Rule 23 and the corresponding federal

rule." *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1041 (Alaska 1981).

13. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. 2140 (quoting *Miller v. Mackey Int'l*, 452 F.2d 424, 427 (5th Cir.1971)). Shook also cites NEWBERG ON CLASS ACTIONS and MOORE'S FEDERAL PRACTICE for roughly the same proposition. NEWBERG ON CLASS ACTIONS § 3.29 (3d ed.) ("It is also settled that the named plaintiff need not demonstrate a probability of success on the merits...."); MOORE'S FEDERAL PRACTICE § 23.61[5] (3d ed.) ("[C]ourts do not have authority to conduct a preliminary inquiry into the merits of a case in order to determine if it may be conducted as a class action.").

Therefore, to the extent that the superior court reached the merits in deciding to decertify the class, this would be an abuse of discretion.

After the United States Supreme Court decided *Auer v. Robbins,* the superior court ordered supplemental briefing by the parties. After receiving the briefs and hearing oral argument, the superior court decertified the class. The superior court cited to *Auer* in its order decertifying the class; however, it did not state grounds for decertification. In its subsequent order denying reconsideration, the superior court provided more information on why it decertified the class, but did not make any reference to Civil Rule 23. The court's reasons for decertification were that "*Auer* provides that the mere existence of a disciplinary policy (which might be applied to salaried employees in a way which would demonstrate the non-salaried nature of their position) does not make salaried employees non-salaried" and that "*Auer* allows an employer to use a window of correction to reverse limited improper applications of a general policy to positions which are truly salaried. That has occurred here." These reasons go to the merits of the case rather than to the grounds for maintaining it as a class action.

Because the superior court made no mention of Civil Rule 23, or any of its requirements, and instead gave merit-related grounds for its order, a remand is necessary.[14]

On remand, if the court chooses to decertify the class, it should explain its reasons for doing so. The court may also consider narrowing[15] or decertifying the class based on current circumstances, including the existence of other lawsuits.

## V. CONCLUSION

Because the superior court did not specify any reasons under Civil Rule 23 for decertifying the class, we REMAND this case to the superior court for reconsideration of the decertification.

support the court's order.' " · In other words, we review only the reasons given by the trial court for denial of class certification, and ignore any other grounds that might support denial.

(Citations omitted.)

---

**14.** *Bartold v. Glendale Fed. Bank,* 81 Cal.App.4th 816, 97 Cal.Rptr.2d 226, 234 (2000):

The appeal of an order denying class certification presents an exception to the general rule that a reviewing court will look to the trial court's result, not its rationale. If the trial court failed to follow the correct legal analysis when deciding whether to certify a class action, "an appellate court is required to reverse an order denying class certification ....., 'even though there may be substantial evidence to

**15.** Civil Rule 23(c)(4)(B) provides that "[w]hen appropriate ... a class may be divided into subclasses and each subclass treated as a class."