**Franklin SCHUG, Appellant,**

v.

**Stephanie Galbraith MOORE, Appellee.**

**No. S–13162.**

Supreme Court of Alaska.

July 2, 2010.

---

Franklin Schug, pro se, Anchorage, Appellant.

Laura C. Bottger, Assistant Attorney General, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and CHRISTEN, Justices.

## OPINION

CHRISTEN, Justice.

## I. INTRODUCTION

In 2004 Franklin Schug sued the Alaska Department of Corrections (DOC) for negligently causing him to suffer personal injury while being transported from an Alaska prison to an Arizona prison. Assistant Attorney General Stephanie Galbraith Moore defended DOC in that suit, and the jury entered a verdict in DOC's favor. Schug then sued Moore, alleging she engaged in fraud, deception, and conspiracy in connection with his personal injury case. The superior court granted Moore's motion for summary judgment because Moore "is absolutely immune from these claims" and Schug's claims against Moore were unsustainable as a matter of law. Although we do not decide whether Moore has absolute or qualified immunity, we agree that Moore is protected by official immunity and that Schug's claims are unsustainable as a matter of law. Therefore, we affirm the superior court's order granting summary judgment.

## II. FACTS AND PROCEEDINGS

The State of Alaska incarcerated Schug in Alaska and Arizona from 2000 until 2008. Schug filed a complaint against DOC in 2004 seeking compensation for injuries allegedly suffered while being transported by air from an Alaska prison to an Arizona prison. Attorney Joe Josephson represented Schug in the personal injury suit. A jury returned a verdict in DOC's favor. Schug did not file a timely appeal, but he did subsequently initiate two separate actions against Josephson and Moore. All of Schug's claims against Moore for "attorney malpractice" arose from her role as DOC's defense attorney in Schug's personal injury case.

Moore filed a motion for summary judgment that grouped Schug's allegations against her into three categories. The first category encompasses Schug's claims that during discovery and trial of the personal injury case, Moore engaged in multiple acts of deceit that deprived him of a fair trial. The second category includes Schug's claims that Moore conspired with Josephson to hide evidence, to prevent Schug from pursuing certain claims, and to prevent him from filing a timely appeal of the verdict. In the third category of claims, Schug alleges that Moore knew of a grand conspiracy between Cornell Prison Systems and Josephson to keep Schug confined and deny him medical care.

Moore filed a motion for summary judgment arguing that her actions as the attorney defending DOC were protected by qualified or absolute official immunity and, alternatively, that Schug's allegations were factually baseless and unsupportable as a matter of law. The materials Schug filed in response to the summary judgment motion reasserted the same conclusory allegations made in his complaint. He offered no admissible evidence to support his claims against Moore.

On January 25, 2008, the superior court granted Moore's motion for summary judgment because all three categories of claims "are unsustainable as a matter of law" and Moore had absolute immunity as to the first two categories of claims. Schug only appeals the superior court's ruling dismissing the first two categories of his claims.

## III. STANDARD OF REVIEW

 We review the grant of summary judgment de novo, "reading the record in the light most favorable to the non-moving party and making all reasonable inferences in its favor."[1] We will affirm a grant of summary judgment "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[2] "The party opposing summary judgment must set forth specific facts showing genuine issues and cannot rest on mere allegations."[3] These facts "must arise from admissible evidence."[4] "To determine whether the non-moving party can produce admissible evidence creating a genuine factual dispute, we will consider the affidavits, depositions, admissions, answers to interrogatories and similar material."[5]

 "The applicability and scope of official immunity raise only questions of law" to which "we are free to substitute our own judgment for that of the trial court."[6]

## IV. DISCUSSION

**A. The Trial Court Correctly Concluded That Moore's Actions As DOC's Defense Attorney Were Shielded From Suit By Official Immunity.**

 We use a three-part test to determine the existence and scope of official immunity: "First, does the doctrine of official immunity apply to the state official's conduct? Second, if it does apply, is the immu-

---

1. *Witt v. State, Dep't of Corr.*, 75 P.3d 1030, 1033 (Alaska 2003) (citing *Spindle v. Sisters of Providence in Wash.*, 61 P.3d 431, 436 (Alaska 2002)).

2. *Id.* (citing *Spindle*, 61 P.3d at 436).

3. *Braun v. Alaska Comm. Fishing & Agric. Bank*, 816 P.2d 140, 144 (Alaska 1991).

4. *Witt*, 75 P.3d at 1033 (internal citations omitted).

5. *Charles v. Interior Reg'l Hous. Auth.*, 55 P.3d 57, 59 (Alaska 2002) (internal citations omitted).

6. *Aspen Exploration Corp. v. Sheffield*, 739 P.2d 150, 154 (Alaska 1987).

nity absolute or qualified? And third, if it is only a qualified immunity, did the state official act corruptly, maliciously, or in bad faith?" [7]

Official immunity applies to Moore's conduct if it (1) was within the scope of her authority as an assistant attorney general, and (2) consisted of discretionary acts.[8] The allegations against Moore satisfy both parts of this test. Her job as an assistant attorney general is to "represent the state in all civil litigation in which the state is a party." [9] All of the activities described in Schug's complaint and in his opposition to Moore's motion for summary judgment involved Moore's representation of DOC in litigation against him; they were therefore within the scope of Moore's authority as DOC's attorney. Moreover, Moore's decisions to object to the presentation of evidence (or not), to present witnesses, to hire expert witnesses, and to take all the other challenged actions to defend DOC in the underlying litigation were discretionary acts requiring "personal deliberation, decision and judgment." [10] For these reasons, official immunity applies to Moore's actions as DOC's defense attorney.

Because we conclude that official immunity applies to Moore's conduct as DOC's attorney and because Schug offered no evidence that Moore acted corruptly, maliciously, or in bad faith during her defense of DOC, we agree with the superior court's conclusion that Moore was protected from suit by official immunity. We do not decide whether Moore was protected by absolute or qualified immunity when she represented DOC in the underlying litigation.

### B. Schug's Claims Are Unsupportable As A Matter Of Law.

█ Schug alleges Moore committed fraud, deception, bribery, and conspiracy be-

fore and during the personal injury trial. His unsupported allegations of wrongdoing do not rise to the level of disputed issues of material fact unless "the record ... contain[s] at least some objective evidence establishing facts capable of supporting an inference" of wrongdoing.[11] "[C]onclusory statements describing [a party's] subjective impressions do not raise disputed questions of material fact." [12]

Schug failed to carry his burden to defeat Moore's motion for summary judgment. He offered no objective evidence establishing facts capable of supporting an inference that Moore engaged in wrongdoing before or during the 2006 trial. At best, his allegations against Moore appear to be the product of confusion about her role as a defense attorney. Because Schug failed to offer admissible evidence that could give rise to an inference of a conspiracy or other wrongful conduct by Moore, we affirm the trial court's order granting summary judgment in Moore's favor.

## V. CONCLUSION

We AFFIRM the superior court's order granting summary judgment and dismissing Schug's complaint.

STOWERS, Justice, not participating.

**7.** *Smith v. Stafford,* 189 P.3d 1065, 1072 (Alaska 2008) (citing *Alpine Indus., Inc. v. Feyk,* 22 P.3d 445, 447–48 (Alaska 2001)).

**8.** *See Aspen Exploration Corp.,* 739 P.2d at 156 (stating that because the governor's "actions were within the scope of his authority and discretionary in nature ... the doctrine of official immunity is applicable to the facts of this case").

**9.** AS 44.23.020(b)(3).

**10.** *Aspen Exploration Corp.,* 739 P.2d at 155 (discretionary acts are those requiring "personal deliberation, decision and judgment").

**11.** *See Prentzel v. Dep't of Pub. Safety,* 169 P.3d 573, 585 (Alaska 2007).

**12.** *Id.*