Diana P. ALBRECHT, Appellant,

v.

ALASKA TRUSTEE, LLC, Appellee.

No. S–14317.

Supreme Court of Alaska.

Oct. 19, 2012.

---

15. 812 P.2d 951 (Alaska 1991).

16. *Id.* at 958.

17. *Id.* at 953, 956.

18. *Id.* at 953.

19. *Id.*

James J. Davis, Jr., Goriune Dudukgian, and Ryan Fortson, Northern Justice Project, Anchorage, for Appellant.

Jennifer Stuart Henderson, Farley & Graves, P.C., Anchorage, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Diana Albrecht brought a class-action lawsuit against Alaska Trustee, LLC, on behalf of a group of Alaska homeowners who had faced foreclosure on their homes. Alaska Trustee, acting as foreclosure trustee, had provided Albrecht and the other homeowners reinstatement quotes that included the costs of foreclosure. Albrecht maintained that the inclusion of foreclosure costs in her reinstatement quote violated her right to cure under a former version of AS 34.20.070(b), the non-judicial foreclosure statute, which provided that a homeowner's "default may be cured by payment of the sum in default other than the principal that would not then be due if no default had occurred, plus attorney fees or court costs actually incurred by the trustee due to the default." According to Albrecht, Alaska Trustee's inclusion of foreclosure costs in addition to "attorney's fees or court costs" constituted a violation of not only the non-judicial foreclosure statute but also Alaska's Unfair Trade Practices Act (UTPA).

The superior court concluded that Albrecht lacked standing to sue and denied her motion for class certification. The superior court further ruled that Alaska Trustee's practice of including various fees and charges as foreclosure costs was permitted under the statute. The superior court awarded attorney's fees to Alaska Trustee as the prevailing party, enhancing those fees under AS 45.50.537(b) on the ground that Albrecht's claims were frivolous. Because the inclusion of foreclosure costs in a reinstatement quote does not violate AS 34.20.070, we affirm the superior court in most respects. But because Albrecht's claims were not frivolous and attorney's fees may not be awarded un-

der Rule 82 for time spent litigating the structure of a class action, we remand for recalculation of fees awarded.

## II. FACTS AND PROCEEDINGS

### A. Facts

Diana Albrecht executed a deed of trust to secure the balance due on the promissory note to her home. Albrecht subsequently defaulted on her promissory note and deed of trust, and on February 6, 2010, Alaska Trustee was authorized to foreclose. Albrecht requested a reinstatement quote on March 31, 2010, and Alaska Trustee provided it two days later. Because Albrecht had missed 11 monthly payments, she owed a total of $23,734.59 of back payments on her mortgage. Alaska Trustee included additional charges in her reinstatement quote, including: (1) late charges of $1,050.27; (2) a property inspection charge of $10.50; (3) expenses for a broker's price opinion for $190; (4) title costs of $256.78; and (5) Alaska Trustee's fees and costs for enforcing the lender's rights. These foreclosure costs totaled $2,385.16, raising Albrecht's total to cure to $25,705.38.[1]

### B. Proceedings

On May 13, 2010, Albrecht filed a class-action complaint for declaratory and injunctive relief and damages. Her complaint alleged that Alaska Trustee was systematically violating AS 34.20.070(b) by including in its reinstatement quotes costs in addition to the sum in default, attorney's fees, and court costs. Albrecht further alleged that the inclusion of these additional fees violated the UTPA. Alaska Trustee responded with a denial that its inclusion of foreclosure fees violated AS 34.20.070(b).

Albrecht moved for a temporary restraining order to stop the sale of her home. Alaska Trustee agreed to cancel Albrecht's foreclosure sale until further order from the trial court. Albrecht then moved for certification of a class consisting of homeowners who had received reinstatement quotes that

---

1. Albrecht continues to live in her home. Alaska Trustee agreed to postpone Albrecht's foreclosure

sale and on February 22, 2011, canceled the foreclosure proceedings.

included foreclosure costs incurred by Alaska Trustee.

Alaska Trustee served Albrecht with a revised reinstatement quote that omitted all of the disputed foreclosure costs. Albrecht moved for summary judgment arguing that Alaska Trustee's inclusion of foreclosure fees in her initial reinstatement quote violated her right to cure under AS 34.20.070(b). Alaska Trustee filed a motion for summary judgment, maintaining that it was in compliance with AS 34.20.070(b) because the charged foreclosure costs were payable under Albrecht's deed of trust.

Albrecht's deed of trust outlines four conditions necessary for Albrecht to cure her default, including the conditions that the borrower:

> (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; [and]
>
> . . . .
>
> (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument[.] [2]

Alaska Trustee also argued that because it had removed the challenged foreclosure costs from Albrecht's reinstatement quote, and because Albrecht had failed to pay the revised reinstatement quote, Albrecht lacked standing.

Albrecht filed a motion for leave to amend her complaint to add a new class representative, Sharon Mason, who also had received a reinstatement quote that included foreclosure fees, and who had paid these reinstatement fees in full. The superior court granted Alaska Trustee's motion for summary judgment ruling that Albrecht lacked standing to sue, denying Albrecht's motion to amend for class certification, and deciding that Alaska Trustee had not violated AS 34.20.070 or the UTPA.

Alaska Trustee sought an award of enhanced attorney's fees, which Albrecht opposed. The superior court awarded Alaska Trustee enhanced fees of $10,000 on the basis that Albrecht's claims were frivolous.[3]

Albrecht appeals both the grant of summary judgment and the award of attorney's fees.

## III. STANDARD OF REVIEW

 We review the superior court's summary judgment decision on a de novo

---

2. The Deed of Trust states in relevant part:

> Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of the Security Instrument discontinued at any time prior to the earliest of:(a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lend-

er may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

3. Under Alaska Civil Rule 82 Alaska Trustee would have been entitled to $8,377.25. The superior court awarded an additional $1,622.75.

basis.[4] We apply our independent judgment to the interpretation of a statute and will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[5] A denial of a motion to amend a complaint is reviewed for abuse of discretion,[6] and will only be reversed when we are "left with a definite and firm conviction, after reviewing the whole record, that the trial court erred."[7] A denial of class certification is reviewed for an abuse of discretion.[8] If the denial of class certification is based upon a legal error, the decision is reviewed de novo.[9] The award of attorney's fees is reviewed for abuse of discretion,[10] but the correctness of the trial court's legal analysis in support of the award is reviewed de novo.[11]

## IV. DISCUSSION

### A. The Inclusion Of Foreclosure Fees In A Reinstatement Quote Does Not Violate AS 34.20.070(b).

In *Kuretich v. Alaska Trustee, LLC,*[12] we recently held that foreclosure fees may be included in reinstatement quotes under the former version of AS 34.20.070(b).[13] In that case, Kuretich claimed, as Albrecht does, that AS 34.20.070(b) bars foreclosure fees because those fees are not contemplated by AS 34.20.070(b). But as we previously held in *Hagberg v. Alaska National Bank,*[14] the purpose of AS 34.20.070 is to "codify a form of relief from forfeiture which courts have often exercised" at equity.[15] In *Kuretich,* we

clarified that relief from forfeiture by reinstatement places the lender and borrower in the "position . . . they were before default."[16] We observed that only through the inclusion of foreclosure fees in the reinstatement amount would the parties be in "their status quo prior to default."[17] Thus, we concluded that reinstatement quotes properly include foreclosure fees under AS 34.20.070(b).

We further observed that the deed of trust governs the lender's and borrower's rights upon foreclosure.[18] In *Kuretich,* the deed of trust "specifically delineate[d] the reinstatement amount as including costs of foreclosure not limited to attorney fees."[19] Thus, "costs incident to foreclosure were properly included within the sum in default" by the "express terms of the deed."[20] Here, under the section entitled "Borrower's Right to Reinstate After Acceleration" Albrecht's deed defines the reinstatement amount. Under the express terms of Albrecht's deed, she may reinstate only if she "pays all expenses incurred in enforcing th[e] Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument."

Because AS 34.20.070(b) provides for foreclosure costs in the reinstatement amount, and because Albrecht's deed expressly in-

---

4. *Schug v. Moore,* 233 P.3d 1114, 1116 (Alaska 2010).

5. *Municipality of Anchorage v. Suzuki,* 41 P.3d 147, 150 (Alaska 2002) (citations omitted).

6. *Betz v. Chena Hot Springs Grp.,* 742 P.2d 1346, 1348 (Alaska 1987).

7. *Id.*

8. *Bartek v. State, Dep't of Natural Res.,* 31 P.3d 100, 101 (Alaska 2001).

9. *Shook v. Alyeska Pipeline Serv. Co.,* 51 P.3d 935, 937 (Alaska 2002).

10. *Weimer v. Cont'l Car & Truck, LLC,* 237 P.3d 610, 613 (Alaska 2010).

11. *Id.*

12. —— P.3d ——, 2012 WL 4039803 (Alaska 2012).

13. In April 2010, AS 34.20.070(b) was amended to include foreclosure costs. It now reads: "the default may be cured . . . by payment of the sum then in default . . . and attorney and other foreclosure fees and costs."

14. 585 P.2d 559 (Alaska 1978).

15. *Id.* at 562.

16. *Kuretich,* —— P.3d at ——.

17. *Id.* (quoting the superior court).

18. *Id.*

19. *Id.* (quoting the superior court).

20. *Id.*

cludes foreclosure costs, Alaska Trustee did not violate AS 34.20.070(b) or the UTPA. We therefore affirm the superior court's decision granting summary judgment in favor of Alaska Trustee and denying Albrecht's motions to amend her complaint and for class certification.

### B. It Was An Abuse Of Discretion To Award Additional Fees Under AS 45.50.537(b).

As the prevailing party, Alaska Trustee sought attorney's fees under Civil Rule 82(b)(2),[21] requesting 20% of its total fees of $41,030.20, or $8,206, plus $171 in fees and costs under Rule 79. In addition, Alaska Trustee argued that under the UTPA it was entitled to enhanced attorney's fees because Albrecht's claims were frivolous. Under the UTPA, "[u]nless the action is found to be frivolous, in an action brought by a private person ... a prevailing defendant shall be awarded attorney fees and costs as provided by court rule. If the action is found to be frivolous, the attorney fees to be awarded to the defendant shall be full reasonable attorney fees at the prevailing reasonable rate."[22] A frivolous action is one that is "(1) not reasonably based on evidence or on existing law or a reasonable extension, modification, or reversal of existing law; or (2) brought to harass the defendant or to cause unnecessary delay or needless expense."[23]

The superior court granted Alaska Trustee's request for enhanced attorney's fees and found that Albrecht's action under the UTPA was "frivolous, in that the facts admitted by [Albrecht] supported no legal claim under the Act and ultimately provided [Albrecht] no standing for legal action." The superior court also concluded that Alaska

Trustee was "forced to participate in extensive litigation over legal questions that did not ultimately impact [Albrecht]." The court awarded $10,000 in attorney's fees, rather than the $8,377.25 presumptive amount under Rules 79 and 82(b).

Albrecht challenges this award on three grounds. She argues that Alaska Trustee is not in fact the prevailing party and that all attorney's fees should be stricken, that her claims were not frivolous, and that attorney's fees may not be awarded for time spent litigating the structure of a class action.

■ Albrecht contends that Alaska Trustee is not the prevailing party because, despite Alaska Trustee's success on the merits, the main issue in this case was the preservation of Albrecht's right to her house, and she "remains in her home today." Albrecht relies on *Currington v. Johnson*,[24] in which we held that "right to the conveyance of the property in dispute was the 'main issue' of the litigation."[25] But the superior court did not err in concluding the main issue litigated in this class action was whether Alaska Trustee's inclusion of foreclosure fees in Albrecht's reinstatement quote was valid under AS 34.20.070, and whether this in turn violated the UTPA. Albrecht did not prevail on these claims, and it was therefore not an abuse of discretion to designate Alaska Trustee as the prevailing party and award it attorney's fees.

■ Albrecht also argues that the superior court abused its discretion in finding that her claims were frivolous. We agree. At the time of Albrecht's case, two superior court judges had concluded that foreclosure fees were *not* included in AS 34.20.070.[26] Thus, Albrecht's claims were "reasonably based on evidence or on existing law or a reasonable

---

21. Civil Rule 82(b)(2) states in part:
 In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party ... in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.

22. AS 45.50.537(b).

23. AS 45.50.537(e).

24. 685 P.2d 73 (Alaska 1984).

25. *Id.* at 83.

26. *See Bachmeier v. Alaska Trustee*, No. 3AN–09–08695 CI (Alaska Super., June 14, 2010) (Order on Cross–Motions for Summary Judgment) (holding fees and costs incurred in the processing of the foreclosure are not included under AS 34.20.070(b)); *Collins v. Cash Alaska II, LLC*, No. 3AN–09–12552 CI (Alaska Super., July 12, 2010) (Order On Motion for Summary Judgment) (holding AS 34.20.070(b) cannot be expanded to include foreclosure fees).

extension, modification, or reversal of existing law." [27] Alaska Trustee failed to demonstrate that Albrecht's claims were brought for the purpose of harassment or resulted in unnecessary delay or needless expense.[28] Because Albrecht's claims were not frivolous, enhanced attorney's fees were not warranted.

■■■ Finally, Albrecht argues that attorney's fees may not be awarded for time Alaska Trustee spent litigating class certification, Albrecht's standing to sue as a class representative, or the addition of Mason as a named party. In *Monzingo v. Alaska Air Group,* we held that although class representatives are not exempt from paying attorney's fees under Rule 82, "a named plaintiff should not ordinarily be held liable for attorney's fees that fall beyond the scope of litigating the merits of his claim." [29] Efforts by the prevailing party to fight class certification or otherwise litigate the structure of a class action are motivated by a desire to discourage claims by others, and warrant a downward variance in attorney's fees under Rule 82(b)(3)(J).[30] Alaska Trustee estimates that $9,243 worth of its hours were spent fighting class certification.[31] Whatever the actual number, the value of these hours should be removed from the value of "actual attorney's fees" before calculating the proper award under Rule 82(b)(2).

Alaska Trustee argues that Albrecht must prove that she was not being paid to litigate on behalf of the class before a downward variance in the Rule 82 award is appropriate. But, as we held in *Monzingo,* this is a determination to be made by the superior court on remand.[32] We therefore remand the case to the superior court to determine the value of time Alaska Trustee spent solely litigating the structure of the class action and whether Albrecht had any financial incentive to act as a class representative, and to enter an award under Rule 82(b) accordingly.

27. AS 45.50.537(e).

28. *Id.*

29. 112 P.3d 655, 668 (Alaska 2005).

30. *Id.*

## V. CONCLUSION

We AFFIRM the superior court's grant of Alaska Trustee's motion for summary judgment and denial of Albrecht's motions. We REVERSE the superior court's decision that Albrecht's claims were frivolous and REMAND for modification of the attorney's fee award consistent with this opinion and Civil Rules 79 and 82(b).

31. This estimate does not seem to include the value of time spent by Routh Crabtree Olsen litigating class-action matters before Farley & Graves was substituted as counsel for Alaska Trustee.

32. *Monzingo,* 112 P.3d at 668 n. 80.